Filed 6/19/20; Certified for Publication 7/9/20 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NICHOLE KEC,<br><br>    Petitioner,<br><br>        v.<br><br>THE SUPERIOR COURT OF ORANGE COUNTY,<br><br>    Respondent;<br><br>R.J. REYNOLDS TOBACCO COMPANY, et al.,<br><br>    Real Parties in Interest. | G058119<br><br>(Super. Ct. No. 30-2018-01031808)<br><br>O P I N I O N |

Original proceedings; petition for a writ of mandate and/or prohibition to challenge an order of the Superior Court of Orange County, Randall Sherman, Judge. Petition granted.

Law Offices of Natalie Mirzayan and Natalie Mirzayan for Petitioner.

No appearance for Respondent.

Jones Day, Steven M. Zadravecz, Nathaniel P. Garrett, Allison E. Crow, and Michael A. Carvin for Real Parties in Interest.

*     *     *

It is the established law of this state that a predispute contractual waiver of claims under the Labor Code Private Attorneys General Act of 2004 (PAGA) (Lab. Code, § 2698 et seq.) is invalid.  Here, the parties' arbitration agreement purports to waive class actions and any "other representative action" (the representative waiver).  There is no dispute that this representative waiver is broad enough to cover a PAGA claim, and is thus invalid.  Usually, where a single contract provision is invalid, but the balance of the contract is lawful, the invalid provision is severed, and the balance of the contract is enforced.  But here, the arbitration agreement goes on to provide that the provision containing the class action and representative waiver is *not modifiable nor severable*. The arbitration agreement also contains a provision that if the representative waiver is found to be invalid, "the Agreement becomes null and void as to the employee(s) who are parties to that particular dispute"—a so-called "'blow-up' provision."

Plaintiff Nichole Kec brought individual, class, and PAGA claims against defendants R.J. Reynolds Tobacco Company, Reynolds American Inc., and three individual employees at R.J. Reynolds Tobacco Company.  Plaintiff alleged, in essence, that she and others were misclassified as exempt employees, resulting in various violations of the Labor Code.  R.J. Reynolds Tobacco Company and Reynolds American Inc., moved to compel arbitration of plaintiff's individual claims *except* the PAGA claim.[1]

---

[1]     Because this writ proceeding concerns only the motion to compel arbitration filed by R.J. Reynolds Tobacco Company and Reynolds American Inc., we will hereafter refer to these two entities as the defendants.

The court granted the motion. The court reasoned: (1) Because defendants had not asked the court to rule on the enforceability of the representative waiver, it had not found the representative waiver invalid, and thus the blow-up provision had not been triggered; and (2) the blow-up provision may apply *only* to the attempted waiver of the PAGA claim, not to the arbitrability of plaintiff's claims under the Labor Code. Plaintiff filed the present writ petition.

FACTS

Plaintiff's complaint alleges the following: Plaintiff was a territory manager for the defendants from 2012 through 2016. She, and all other similarly situated territory managers, were improperly classified as exempt employees. The term "manager" inaccurately described the actual job duties of a territory manager, which did not involve any supervision, but instead involved " a mixture of manual labor and other non-sales duties – such as re-setting . . . products, checking inventory, rotating products on the shelves based on expiration dates, scanning product barcodes to ensure accurate pricing, enforcing [the defendants'] contracts with established traditional and non-traditional retail outlets, and providing consulting services to store managers/owners by providing tobacco advice through the development of individual business plans."

Plaintiff's complaint includes causes of action for failure to pay wages (including overtime wages), failure to provide meal periods and rest breaks, failure to indemnify for various business expenses, waiting time penalties, failure to pay upon discharge, failure to provide itemized wage statements, conversion, violation of Business and Professions Code section 17200 et seq., and penalties pursuant to PAGA.

In response, defendants moved to compel plaintiff "to arbitrate her claims on an individual basis, pursuant to the binding arbitration agreement she entered into with

3

Defendants, and to stay this action and Plaintiff's PAGA claim until arbitration has concluded."

Section 5 of the arbitration agreement contains the following waiver provision: "The Parties waive the right to bring, join, participate in, or opt into, a class action, collective action, or other representative action whether in court or in arbitration." "This Section (Section 5) may not be modified or severed from this Agreement for any reason."

Section 16 of the arbitration agreement contains both a general severability provision and an exception for section 5, to which a purported blow-up provision attaches instead. "Except for Section 5, if any provision of this Agreement is held by a court of competent jurisdiction or an arbitrator to be invalid, void, or unenforceable, the remaining provisions shall, nevertheless, continue in full force without being impaired or invalidated in any way. If Section 5 is found by a court of competent jurisdiction to be, in any way, unlawful, invalid, void or otherwise unenforceable, the Agreement becomes null and void as to employee(s) who are parties to that particular dispute, for purposes of that dispute in the jurisdiction of the court delivering the ruling. If Section 5 is found by a court of competent jurisdiction to be, in any way, unlawful, invalid, void or otherwise unenforceable, any class claims, collective claims, or any other representative claims may only be brought in a court of competent jurisdiction."

The court granted defendants' motion to compel arbitration. Addressing the blow-up provision, the court commented, "Section 16 of the Arbitration Agreement does not result in invalidation of the entire agreement. Even if Section 5 contains a legally invalid term, purporting to waive the right to bring a representative PAGA action, defendants are not attempting to enforce that provision. As a result, this court need not reach the question of whether that provision is valid. Since this court thus has not 'held' or 'found' part of Section 5 to be unlawful, invalid, void or unenforceable, the 'Agreement becomes null and void' language of Section 16 does not apply. Moreover,

even if the court had made such a holding or finding, the agreement is invalid only as to 'that particular dispute', which could be interpreted to mean the PAGA claim. Any ambiguity must be resolved consistent with the principle found in a long line of cases, continuing through this year, that arbitration agreements are to be liberally interpreted, with any doubts resolved in favor of arbitration."

Plaintiff petitioned for a writ of mandate seeking to overturn the court's order compelling arbitration of her individual claims. We issued an order to show cause and stayed the court's order. Defendants filed a formal return, and plaintiff a formal reply.

DISCUSSION

As an initial matter, we acknowledge the parties have devoted substantial portions of their briefs on this writ petition arguing their respective positions on the interpretation and effect of the so-called blow-up provision. But we decline to accept their implied invitation to interpret section 16 of the arbitration agreement, in which the blow-up provision is found. First, the blow-up provision contains a condition precedent which was not triggered. By its express terms, the blow-up provision applies *only* where the court has found section 5 of the arbitration agreement to be "in any way, unlawful, invalid, void or otherwise unenforceable." Here, the court expressly declined to make that finding. Second, even if the blow-up provision had been triggered, plaintiff and defendants have each presented plausible, but competing, interpretations of section 16. But we have no extrinsic evidence by which we might have been able to determine the true intention of the parties to the agreement. Each interpretation offered by the parties, and some we have considered independently, still leaves a lingering ambiguity. Fortunately, we need not resolve this issue. Following *Securitas Security Services USA, Inc. v. Superior Court* (2015) 234 Cal.App.4th 1109 (*Securitas*), which is directly on

5

point, we conclude defendants attempted to accomplish what the contract forbids: trial of individual claims in arbitration, and a representative claim in court. In other words, defendants attempted to modify the contract provision by severing the representative waiver from the balance of the arbitration agreement. This is plainly contrary to the intent of the agreement which expressly provides: "This [class action and representative waiver] may not be modified or severed from this Agreement for any reason." Accordingly, we will grant the petition and issue a writ of mandate ordering the court to vacate its order granting the motion to compel arbitration of plaintiff's individual claims and to enter a new order denying the motion.

*The representative waiver is void.*

Under PAGA, an "aggrieved employee" may bring an action on behalf of herself and other current or former employees seeking civil penalties for violations of the Labor Code. (Lab. Code, § 2699, subd. (a).) Seventy-five percent of the penalties recovered go to the Labor and Workforce Development Agency, leaving the remaining 25 percent for the "aggrieved employees." (*Id.*, subd. (i).) Here, the parties' arbitration agreement purported to waive the parties' right to bring "a class action, or *other representative action* whether in court or in arbitration." (Italics added.) "There is no dispute that the contract's term 'representative action[]' covers representative actions brought under the Labor Code Private Attorneys General Act of 2004." (*Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 378 (*Iskanian*).) And while *Iskanian* held it is permissible for an employee to waive the right to bring a class action, the rule is different for an employee seeking to bring a PAGA claim. "[A]n employee's right to bring a PAGA action is unwaivable." (*Iskanian*, at p. 383.)

6

Defendants sought to selectively enforce the arbitration agreement by compelling plaintiff to arbitrate all her individual claims while leaving plaintiff's PAGA claim in the court.[2] The question here is whether this selective enforcement is permissible under the terms of the parties' arbitration agreement.

*Defendants may not selectively enforce the arbitration agreement.*

We interpret the arbitration agreement as we would any other contract. "'The fundamental rule is that interpretation of . . . any contract . . . is governed by the mutual intent of the parties at the time they form the contract. [Citation.] The parties' intent is found, if possible, solely in the contract's written provisions. [Citation.] "The 'clear and explicit' meaning of these provisions, interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage' [citation], controls judicial interpretation." [Citation.] If a layperson would give the contract language an unambiguous meaning, we apply that meaning.'" (*Nelsen v. Legacy Partners Residential, Inc.* (2012) 207 Cal.App.4th 1115, 1129.) "We review the scope of an arbitration provision de novo when, as here, that interpretation does not depend on conflicting extrinsic evidence." (*RN Solution, Inc. v. Catholic Healthcare West* (2008) 165 Cal.App.4th 1511, 1522.)

---

[2]     The PAGA claim is not arbitrable. "Without the state's consent, a predispute agreement between an employee and an employer cannot be the basis for compelling arbitration of a representative PAGA claim because the state is the owner of the claim and the real party in interest, and the state was not a party to the arbitration agreement. Under state and federal law, an arbitration agreement applies only to the parties who agreed to its terms and a party cannot be compelled to arbitrate a dispute that it has not elected to submit to arbitration." (*Correia v. NB Baker Electric, Inc.* (2019) 32 Cal.App.5th 602, 622.)

7

It is axiomatic that a contract must have a lawful object. (Civ. Code, § 1550, subd. (3).) "Where a contract has but a single object, and such object is unlawful, *whether in whole or in part*, or wholly impossible of performance, or so vaguely expressed as to be wholly unascertainable, the entire contract is void." (Civ. Code, § 1598, italics added.) Here, section 4 of the arbitration agreement expresses a single object. The "[a]greement requires that all Covered Claims be resolved through final and binding arbitration. Arbitration of Covered Claims under this Agreement is in lieu of the right and opportunity to engage in litigation and is the exclusive means to resolve any Covered Claim."[3] Usually "[w]here the consideration is only partly illegal and the agreement is severable, the legal portion may be enforced." (1 Witkin, Summary of Cal. Law (11th ed. 2017) Contracts, § 422.) But "where severability is not found, the contract is void." (*Ibid.*)

Applying the above general principles, we conclude that defendants may not selectively enforce the arbitration agreement in a manner that defeats its goals. Had the parties intended to permit defendants to proceed with arbitration notwithstanding an invalid waiver of representative claims, they would have simply made that provision severable, like every other term in the agreement. But that is not what they did. Instead, by specifically making section 5 *not* severable, the agreement evinces an intent *not* to allow defendants to selectively enforce the arbitration agreement.

*Securitas*, *supra*, 234 Cal.App.4th 1109, is directly on point. In *Securitas* an employee brought wage and hour claims against her employer, including individual, class, and representative claims under PAGA. (*Id*. at pp. 1112, 1114.) The parties had signed an arbitration agreement containing both a class and representative waiver. As here, the agreement provided that the representative waiver was not severable from the remainder of the agreement. (*Id*. at pp. 1113-1114.) Also, as here, the employer filed a

---

[3] There is no dispute that all of plaintiff's claims are "Covered Claims" as defined in section 2 of the arbitration agreement.

motion to compel arbitration of the individual claims and asked the court to either dismiss or stay the class and PAGA claims. (*Id*. at p. 1114.) The trial court granted the motion to compel arbitration, but instead of staying or dismissing the PAGA claim, it ordered the PAGA claim to arbitration. (*Id*. at p. 1115.) The employer petitioned for a writ of mandate to compel the court to dismiss or stay the PAGA claim. (*Ibid*.)

The *Securitas* court agreed the trial court had erred, but in what must have been a keenly disappointing outcome for the employer, the court held that the entire agreement was unenforceable. (*Id*. at p. 1112.) The court based its conclusion on the nonseverability provision: "The dispute resolution agreement, therefore, is not divisible, but presents an all-or-nothing proposition: when [an] employee asserts class, collective or representative claims, either the employee forgoes his or her right to arbitrate such claims, or the entire agreement to arbitrate disputes is unenforceable and the parties must resolve their disputes in superior court. We view this construction as clear, but to the extent the dispute resolution agreement's language is uncertain on the point and one can glean a different outcome from the language, our conclusion would nevertheless stand under the principle that 'a court should construe ambiguous language against the interest of the party that drafted it.'" (*Id*. at p. 1126.)

In its briefing on this writ petition, defendants do not even mention the *Securitas* holding, much less attempt to distinguish it, despite the case being a prominent centerpiece of plaintiff's argument. That is not surprising since *Securitas* is squarely on point. Instead, in what is perhaps best regarded as a response to the *Securitas* holding, defendants counter that "[i]t cannot seriously be disputed that, when the representative waiver was originally included in the Arbitration Agreement, that waiver was intended solely for [defendants'] benefit." Relying on the principle that a "contracting party may waive provisions placed in a contract solely for his benefit" (*Doryan v. Salant* (1977) 75 Cal.App.3d 706, 712), defendants contend they were entitled to selectively enforce the arbitration agreement.

9

Defendants' argument ignores the nature of a waiver. Whether a waiver has been established is measured by the circumstances existing at the time the waiver is exercised. "Case law is clear that '"[w]aiver is the intentional relinquishment of a known right after knowledge of the facts." [Citations.] The burden . . . is on the party claiming a waiver of a right to prove it by clear and convincing evidence that does not leave the matter to speculation, and "doubtful cases will be decided against a waiver" [citation].'" (*Waller v. Truck Ins. Exchange, Inc*. (1995) 11 Cal.4th 1, 31.) Here, defendants did not intentionally give up a right to enforce the representative waiver because no such right existed when plaintiff's complaint was filed in November 2018. At the time of contract formation, February 23, 2012, *Iskanian* had not yet been decided, and at that time it could have been said the representative waiver was solely for defendants' benefit, which defendants accordingly could waive by choosing not to enforce it. But at the time the arbitration agreement was sought to be enforced, defendants no longer had the right to enforce the representative waiver. (*Iskanian*, *supra*, 59 Cal.4th at p. 383.) Simply put, there no longer existed any "right" to relinquish. Instead, the attempt to selectively enforce section 5 amounts to an attempt to unilaterally modify the contract provision by allowing its severance. The arbitration agreement expressly prohibits a modification of section 5 "for any reason." Thus, the representative waiver may not be severed. Plaintiff is entitled to pursue her PAGA claim, and because that claim is not arbitrable (see fn. 1, *ante*), the entire dispute must remain in court.

DISPOSITION

Let a peremptory writ of mandate issue ordering respondent trial court to vacate its June 7, 2019 order granting defendants' motion to compel arbitration, and to enter a new order denying the motion in its entirety. The stay order imposed by the court is dissolved upon issuance of the remittitur. The order to show cause is discharged. Plaintiff shall recover her costs incurred in this original proceeding.

IKOLA, ACTING P. J.

WE CONCUR:

THOMPSON, J.

GOETHALS, J.

11

Filed 7/9/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NICHOLE KEC,<br><br> Petitioner,<br><br>  v.<br><br>THE SUPERIOR COURT OF ORANGE COUNTY,<br><br> Respondent;<br><br>R.J. REYNOLDS TOBACCO COMPANY, et al.,<br><br> Real Parties in Interest. | G058119<br><br>(Super. Ct. No. 30-2018-01031808)<br><br>O R D E R |

     Diversity Law Group has requested that our opinion filed on June 19, 2020, be certified for publication.  It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c).  The request is GRANTED.

     The opinion is ordered published in the Official Reports.

             IKOLA, ACTING P. J.

WE CONCUR:


THOMPSON, J.


GOETHALS, J.